# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID ARENA, ET AL., | CASE NO.1:05CV2478 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | |
| CHUBB INSURANCE GROUP | SHOW CAUSE ORDER |
| Defendant. | |

## CHRISTOPHER A. BOYKO, J:

A hearing was held on April 3, 2007, in open court, on the Court's Order to Show Cause issued March 12, 2007, against Plaintiffs for failure to abide by the Court's Sanction Order of January 18, 2007. All counsel and Plaintiff David Arena were present. On January 18, 2007, the Court granted sanctions to Defendant and against Plaintiffs for Plaintiffs repeated violations of civil rules and court orders. Plaintiffs were ordered to pay sanctions in the amount of $2,024.00 within 30 days of the January 18, 2007 Sanction Order which Plaintiff promptly ignored. The Sanction Order was issued as a consequence of the following abrogation of Plaintiffs' duties under civil rules and Court Orders:

1) Defendants filed a motion to extend discovery on May 9, 2006, due to Plaintiffs late responses to Defendant's Requests for Admissions and Interrogatories and due to Plaintiffs incomplete responses to discovery requests. On June 2, 2006, the Court granted the Motion with a warning that failure to abide by rules and dates would result in sanctions.

2)     On June 29, 2006, Defendants filed a Motion to Compel discovery of relevant financial records first sought in Defendant's First Set of Requests for Admissions and Interrogatories. Plaintiff did not oppose the motion. On August 15, 2006, the Court granted Defendant's Motion to Compel and ordered the information be produced by August 25, 2006, or sanctions would be issued. No response was filed.

3)     On August 23, 2006, Plaintiffs' failure to provide timely discovery necessitated another motion by Defendant to extend discovery dates.

4)     On September 9, 2006, Defendant filed a Motion for Sanctions for the above failure to provide discovery. Plaintiffs did not respond to the Motion for Sanctions nor did the Plaintiffs provide the Court ordered discovery by the designated date. The Court granted the Motion for Sanctions on October 6, 2006, in the amount of $550.00 and permitted additional sanctions upon production of an affidavit and itemized expense report.

5)     On January 18, 2007, the Court awarded expenses to Defendant for Plaintiffs' failure to abide by Court orders. The Court awarded Defendant $2,024.00 in fees and expenses incurred on top of the $550.00 in sanctions awarded on September 9, 2006. The Court ordered Plaintiff to pay the $2,024.00 within 30 days of the filing of the Order. Plaintiff failed to respond and has failed to pay the Court ordered sanctions.

6)     On January 19, 2007, Defendant filed its Motion for Summary Judgment. Plaintiff again failed to respond to the Motion. On March 2, 2007, the Court granted Defendant's unopposed Motion for Summary Judgment and the case was dismissed.

At the April 3, 2007, hearing Plaintiffs' counsel stated Plaintiffs continued and repeated failures in prosecuting the case were due to counsel's change of his email address. Also, Plaintiffs' counsel alleged emails from the Court only remained on his computer for a few days and then disappeared. Plaintiff David Arena explained to the Court he was unaware of the proceedings as he relied on his attorney. He informed the Court that he first heard of the sanction orders the night before the hearing. Furthermore, he had not heard from his counsel in over six months. Both Plaintiff David Arena and Plaintiffs' counsel were unaware the case had been dismissed on summary judgment.

A review of the ECF docket shows all Court orders were electronically mailed to Plaintiffs' counsel at the email address provided by Plaintiffs counsel. Local Rule 83.5(i)

requires all attorneys notify the Clerk of Court's office in writing of a change in counsel's business or email address. The Clerk's office has no record of Plaintiffs' counsel filing a change of email address. Nor has the Clerk's office any record of notification of a problem with disappearing emails. The ECF docket does not reflect emails sent from the Court to Plaintiffs' counsel being returned as undeliverable.

Plaintiffs counsel also stated he never received the motion for summary judgment filed by Defendant. Defense counsel stated on the record that Defendant fully complied with federal court requirements for service of its motions.

After considering the statements made on the record and in open court, the Court finds Mr. Arena's explanations credible and finds the fault for failure to abide by the Court's sanction orders lies properly upon Plaintiffs' counsel. The Court finds Plaintiffs' counsel completely culpable in his failure to abide by the Court's orders and failure to maintain contact with his client. Ohio adopted the Ohio Rules of Professional Responsibility effective February 1, 2007, therefore the Court must examine Plaintiffs counsels actions under the prior Code of Professional Responsibility. The Court finds Plaintiffs' counsel violated numerous professional responsibilities to his client and the Court, including, but not limited to:

DR 1-102(A)(5)-A lawyer shall not engage in conduct that is prejudicial to the administration of justice.

DR 1-102(A)(6) A lawyer shall not engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.

DR 6-101(A)(2) - A lawyer shall not handle a legal matter without preparation adequate to the circumstances.

DR 6-101(A)(3)- A lawyer shall not neglect a legal matter entrusted to him.

In light of the foregoing failures of counsel to keep himself and his client informed of the proceedings in this case, and, in light of Plaintiffs' counsel's failure to prosecute the action on behalf of his client or protect his client from liability, the Court finds Plaintiffs' counsel has completely abandoned his responsibilities to this Court and his client. Therefore, the Court orders the total sum of sanctions, fees and expenses ordered against Plaintiffs be paid by Plaintiffs counsel. Plaintiffs counsel shall pay sanctions in the amount of $2574.00 to Defendant no later than April 10, 2007. Failure to pay the sanctions by that date will result in the immediate issuance of a warrant for Plaintiffs' counsel's arrest.

IT IS SO ORDERED.

4/3/07
Date

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge

FILED
APR - 4 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

4